**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

RAY WILLIAMS,

                Plaintiff,

                                                   9:06-CV-0178

   - v -                                                       (DNH)(RFT)

R. CALIDONNA, Assistant Food Service Director,
Midstate Correctional Facility, *et al.*,

                Defendants.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

RAY WILLIAMS
Plaintiff, *pro se*
99-A-6603
River View Correctional Facility
P.O. Box 247
Ogdensburg, New York 13669

ANDREW M. CUOMO                       MEGAN M. BROWN, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Department of Law
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE, U.S. MAGISTRATE JUDGE**

**ORDER**

      Presently before the Court is a Motion to Compel Discovery filed by the Plaintiff, on December 21, 2006, pursuant to Federal Rule of Civil Procedure 37. Dkt. No. 21. Plaintiff's Motion relates to a Request for Production of Documents and Requests for Admissions that were served on the Defendants on October 19, 2006. Defendants have responded to the Motion, Dkt. No. 24, and Plaintiff filed a Reply, Dkt. No. 25.

      In the Motion, Plaintiff seeks an Order from this Court directing Defendants to respond to the October 19, 2006 Discovery Demands. Defendants state they served responses to the Discovery Demands on December 29, 2006. Dkt. No. 24.

In their response, Defendants advise the Court that Defendants "have not provided plaintiff with the names of the three inmates who were confidential informants." *Id.* Defendants assert that Plaintiff cannot sue other inmates pursuant to 42 U.S.C. § 1983, as they are not state actors. Defendants further argue that the Department of Correctional Services should not be required to disclose such information as it would jeopardize safety and security in the facility where these individuals are located. *Id*. Thereafter, on January 10, 2007, Plaintiff filed a letter stating that Defendants had responded to his discovery demands but that "[they] only sent me parts of certain information and secondly, withheld certain information such as names of the informants claiming confidential information and security." Dkt. No. 25.

Based upon the information presently before the Court, it appears that a majority of the Motion has become moot. *See Johnson v. Schmidt*, 1992 WL 135237, at *1 (E.D.N.Y. May 28, 1992) (denying motion to compel filed by inmate where defendants had already responded to interrogatories and requests for production).[1]

With respect to the "parts of certain information" that Plaintiff alleges were not produced, he has not provided the Court with enough information to determine what information was requested and what was not produced.[2] Accordingly, the Court can make no further ruling on such information. Plaintiff is advised that he should confer with counsel to determine whether their

---

[1] In addition, the Court notes that Plaintiff has not submitted documentation which indicates that he made any good faith efforts to resolve the instant discovery disputes prior to filing his Motion to Compel as is required by the Northern District of New York's Local Rule 7.1. A Pretrial Order was issued by this Court on January 22, 2007, after Plaintiff filed this Motion, and advises the Plaintiff of Local Rule 7.1. The Order further cautions that any motion to compel filed in this action that is not accompanied by documentation substantiating efforts to resolve any discovery disputes prior to the filing of such motion will be denied. Thus, Plaintiff is reminded that he must comply with the Local Rules in his prosecution of this action.

[2] Plaintiff is advised that any future motion to compel must be accompanied by the discovery demands at issue and the responses thereto.

differences can be addressed. If such matters cannot be resolved between the parties, either party may seek Court intervention. *See* Dkt. No. 26 (setting Motion to Compel Deadline at August 31, 2007).

Finally, with respect to the issue of naming other inmates as Defendants in this action, Plaintiff is advised that parties may not be held liable under 42 U.S.C. § 1983 unless it can be established that they have acted under the color of state law. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 380914 (S.D.N.Y., Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady,* 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted)). In certain contexts, a private actor's conduct can be considered state action. In *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614 (1991), the Supreme Court discussed the two-part test to be utilized by courts in determining whether a given set of acts qualifies as state action. Under this test, a court must ask "first whether the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority, . . . and second, whether the private party charged with the deprivation could be described in all fairness as a state actor." 500 U.S. at 620 (internal citations omitted); *see LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 432-33 (2d Cir. 1995).

At the present time, the Court does not find that Plaintiff has set forth sufficient information that would permit the Court to find that the unnamed informants could be considered state actors. Plaintiff's allegations against the informants are that they "conspired to deprive plaintiff of his constitutional rights merely because the defendants wanted to remove plaintiff from the facilitys

(*sic*) I. L.C." Dkt. No. 1, ¶10. Such a conclusory allegation fails to provide the Court with sufficient information to believe that the inmate-informants could be considered state actors.

However, discovery in this action has just begun. This action was filed on February 9, 2006 and an Answer was filed on October 11, 2006. The Pretrial Scheduling Order was issued in this case on January 22, 2007. Dkt. No. 26. Plaintiff should be able to discover what, if anything, the informants reported to the named Defendants and the circumstances surrounding those reports, and utilize that information in an effort to justify identification of the individuals and amendment of this action to include them as named Defendants.[3] Thus, at the present time, Plaintiff's request will be denied without prejudice.

WHEREFORE, based upon the above, it is hereby

ORDERED, that Plaintiff's Motion to Compel (Dkt. No. 21 ) is **denied**; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Date:   February 2, 2007
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

---

[3] Any such amendment would have to be done by way of a motion to amend. On any such request, Defendants will be expected to support their claims with respect to the safety and security with the appropriate affidavits or other proof.